Receipt number AUSFCC-11070491

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| WESTERN DIGITAL CORPORATION & SUBSIDIARIES,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant | CASE NO. 26-215 T |

**COMPLAINT**

Western Digital Corporation & Subsidiaries, ("Western Digital") by and through its attorneys brings this action against the United States of America and in support thereof alleges as follows:

1. This is an action seeking a refund of underpayment interest erroneously assessed and collected by the Internal Revenue Service ("IRS") in connection with Western Digital's federal income tax liability for the tax year ending on June 27, 2008 ("FY 2008").

2. Following a settled resolution of transfer-pricing litigation before the United States Tax Court, the IRS erroneously assessed and collected approximately $20,764,747 in underpayment interest for periods during which 26 U.S.C. § 7508A(d) (as in force at the relevant times) required interest suspension due to the COVID-19 disaster.

3. Western Digital seeks by this action a refund of the overpaid interest erroneously assessed and collected by the IRS and interest on Western Digital's overpayment.

4. All material facts relevant to the sole legal issue presented in this action are known to the parties and are not reasonably in dispute. Western Digital therefore anticipates

conferring promptly with the United States regarding an efficient schedule for resolving this case through summary judgment.

## PARTIES

5. The plaintiff, Western Digital, is a Delaware corporation with its principal place of business in California. Western Digital's Employer Identification Number is [redacted].

6. The defendant is the United States of America.

## JURISDICTION

7. The Court has jurisdiction over this suit for refund of underpayment interest under 28 U.S.C. §§ 1346(a)(1) and 1491(a).

8. Western Digital satisfied all jurisdictional prerequisites to suit. 26 U.S.C. §§ 6532(a) and 7422. Western Digital timely filed an administrative refund claim, which the IRS received on July 21, 2025. **Exhibit 1** contains a copy of the administrative refund claim.

9. More than six months elapsed without a notice of disallowance before Western Digital filed this complaint.

10. Before filing this complaint, Western Digital fully paid its FY 2008 federal income tax liability and interest thereon assessed.

## STATEMENT OF FACTS

11. Western Digital electronically filed a timely Form 1120, U.S. Corporate Income Tax Return, for FY 2008.

12. Following an administrative process, the IRS determined a deficiency in Western Digital's FY 2008 federal income tax in a notice of deficiency dated June 28, 2018.

13. Western Digital timely petitioned the U.S. Tax Court in a case that also covered its 2009 fiscal year. Western Digital later timely petitioned the U.S. Tax Court with respect to a notice of deficiency for its 2010, 2011, and 2012 fiscal years, and the U.S. Tax Court

consolidated the two cases. Western Digital has filed administrative refund claims for overpaid interest for the other tax years arising from the same legal issue, but those years are not before the Court in this action.

14. On March 13, 2020, President Trump issued a determination, under Section 501(b) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. §§ 5121-5207 (the "Stafford Act"), that an emergency existed nationwide in light of the then-ongoing COVID-19 pandemic.

15. The President's March 13, 2020, determination expressly authorized the Federal Emergency Management Agency to provide assistance under the Stafford Act. The determination also found the disaster to be of such severity and magnitude nationwide that requests for declarations of a major disaster under Section 401 of the Stafford Act may be appropriate and encouraged state governors and tribal leaders to consider requesting such assistance.

16. On March 22, 2020, California's Governor Newsom requested that the President declare a major disaster in the State of California as a result of COVID-19 pursuant to Section 401 of the Stafford Act and Title 44 of the Code of Federal Regulations § 206.36.

17. "In a letter dated March 22, 2020, the President issued a major disaster declaration under the authority of the [Stafford Act]," in which he "'determined that the emergency conditions in the State of California resulting from the Coronavirus Disease 2019 (COVID–19) pandemic beginning on January 20, 2020, and continuing, are of sufficient severity and magnitude to warrant a major disaster declaration under the [Stafford Act],'" and "'[t]herefore, [he] declare[d] that such a major disaster exists in the State of California.'" 85 Fed. Reg. 20,703, 20,703 (Apr. 14, 2020).

18. On March 2, 2023, the U.S. Tax Court entered a stipulated decision in Western Digital's case, reflecting a $53,635,842 deficiency in Western Digital's FY 2008 federal income tax.

19. The COVID-19 incident period that the President determined to have begun on January 20, 2020, ended effective May 11, 2023, when major disaster declarations and the nationwide emergency declaration closed. 88 Fed. Reg. 8884 (Feb. 10, 2023).

20. In a Notice CP220 dated July 3, 2023, the IRS billed Western Digital $106,598,473.76 for FY 2008. That amount comprised the aforementioned deficiency reflected in the stipulated Tax Court decision plus $52,962,631.76 in underpayment interest that accrued from September 16, 2008 through July 3, 2023.

21. Western Digital paid the tax and interest in full on August 9, 2023.

22. To date, the IRS has not disallowed the claimed refund.

**COUNT ONE**
**OVERPAYMENT OF INTEREST**

23. Western Digital incorporates by reference the allegations contained in the foregoing paragraphs.

24. Under 26 U.S.C. § 7508A(d), as in effect at the relevant times, Western Digital is entitled to a refund of $20,764,747 of underpayment interest that accrued during the COVID-19 incident period described above and for 60 days thereafter.

25. Western Digital was a "qualified taxpayer" throughout the COVID-19 incident period because at the relevant times its principal place of business was "located in a disaster area," 26 U.S.C. § 7508A(d)(2)(B), within the meaning of 26 U.S.C. § 7508A(d)(3) and § 165(i)(5)(A), in light of the President's March 22, 2020 declaration of a major disaster in the State of California warranting assistance under the Stafford Act.

26. The COVID-19 incident period described above therefore "shall be disregarded" in determining "the amount of any interest" owed by Western Digital. 26 U.S.C. § 7508A(a)(2), (d)(1).

27. In the alternative, Western Digital is entitled to a refund of a lesser amount of underpayment interest that accrued during any shorter postponement period determined by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Western Digital respectfully requests that the Court:

a. Award Western Digital a judgment in the amount of $20,764,747 or such other amount as the Court determines to be refundable plus statutory interest on that amount as provided by law; and

b. Award Western Digital any other relief the Court deems appropriate.

Dated: February 6, 2026

Saul Mezei

By: */s/ Saul Mezei*

Saul Mezei
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.,
Washington, DC 20036-4504
202.955.8693
smezei@gibsondunn.com

John F. Craig, III
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.,
Washington, DC 20036-4504
202.955.8230
JCraig@gibsondunn.com