**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

WESTERN DIGITAL CORPORATION &
SUBSIDIARIES,

        Plaintiff,

  v.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 26-215 T
(Judge David A. Tapp)

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, Part III of the Rules of the United States Court of Federal Claims and this Court's orders of April 6, 2026, and April 14, 2026, the parties submit the following Joint Preliminary Status Report.

In response to Paragraph 4 of Appendix A:

a.    **Jurisdiction:**

*Plaintiff's position:*  Plaintiff Western Digital maintains that the Court has jurisdiction under 28 U.S.C. §§ 1346(a) and 1491(a)(1).

*Defendant's position*:  To the extent the Court has jurisdiction, it is based upon 28 U.S.C. § 1491.

b.    **Consolidation:**  This case should not be consolidated with any other case.

c.    **Bifurcation of Trial:**  The parties do not believe that a bifurcated trial is needed. The parties request, however, that the Court determine the question of liability first and thereafter permit the parties a reasonable period within which to perform and agree upon any necessary recomputation of the amount of any refund due, with a view to the parties submitting an agreed stipulation as to the amount of any money judgment.

d. **Deferral of proceedings:**

*Plaintiff's position*:  Plaintiff is unaware of any reason for deferral.  The case turns on legal issues that are cleanly presented and do not depend on any factual development.  There is no reason to postpone briefing or adjudication in this case based on any forthcoming decision in any other case—including *Kwong* v. *United States*, No. 26-1843 (Fed. Cir.), in which no briefing schedule has even been set.

*Defendant's position*:  Defendant does not argue for deferral as of the filing of this JPSR.  However defendant will argue in its summary judgment response that depending on what the Court decides as to the applicability of 26 U.S.C. § 7508A to plaintiff's claim the Court should consider staying the case pending the outcome of the United States' appeal of *Kwong v. United States*, No. 26-1843 (Fed. Cir.).

e. **Remand or suspension:**  There is no basis for remand or suspension in this case, as this is a tax-refund case.

f. **Additional parties:**  The parties are unaware of any additional parties to be joined.

g. **Dispositive motions:**  Western Digital filed a motion for summary judgment on April 10, 2026.  The government's response is due, on unopposed extension, on June 8.  Western Digital's reply is due on June 22.

h. **Relevant factual and legal issues:**

*Plaintiff's statement:*  Western Digital seeks a refund on underpayment interest it paid on its FY 2008 federal income tax liability that accrued between January 20, 2020, and July 10, 2023—a period during which California was a federally declared disaster area due to the COVID-19 pandemic, plus 60 days thereafter.  Under 26 U.S.C. § 7508A(d), the only facts material to deciding that legal issue are (1) that the President declared under the Stafford Act that California

2

was a disaster area from January 20, 2020, through May 11, 2023; (2) that Western Digital was headquartered in California at all relevant times; and (3) that Western Digital paid the amount of underpayment interest for which it is seeking a refund.  Those facts should be undisputed.  Assuming those undisputed facts, the only question presented is whether Western Digital is entitled as a matter of law, under the statutory provisions and federal disaster declarations at issue, to have the disaster period disregarded in computing underpayment interest and thus to a refund of interest it has paid.

*Defendant's statement:*  The fundamental issue in any refund case is the claimant's burden to establish overpayment of tax for any tax year in question.  *Lewis v. Reynolds*, 284 U.S. 281, 283 (1932).  Here WDC must establish that it overpaid interest owed on a 2008 deficiency stipulated with the IRS in Tax Court.  WDC claims this is so because accrual of that interest should have been suspended under 26 U.S.C. § 7508A(d) for the entire period of federally-declared disaster during COVID-19.  This presents three issues: (1) Does 26 U.S.C. § 7508A apply to WDC's debt at all? (2) If the answer to (1) is yes, for what time period did 26 U.S.C. § 7508A(d) require suspension of interest accrual? (3) Based on the answer to (2) if (2) applies, what is the correct overpayment calculation?

i.      **Settlement and ADR:**  The parties do not believe that settlement is likely or that ADR would be helpful but will advise the Court if their views change.

j.      **Trial:**  The parties do not believe a trial will be necessary in this case.

k.      **Special Issues:**  None.

l.      **Other Information:**  None.

*Plaintiff's position*:  In response to Paragraph 5 of Appendix A regarding discovery:  Discovery should not be necessary in this case.  The sole question presented is one of statutory inter-

pretation that the Court can resolve as a matter of law by ruling on Western Digital's pending motion for summary judgment. The only issue that would remain following a ruling in Western Digital's favor on that legal issue is the computation of the precise amount of interest to be refunded, which the parties can resolve by agreement as is typical in tax cases. *See, e.g.*, *Crisp v. United States*, 34 Fed. Cl. 112, 126 (1995) (granting a taxpayer's motion for summary judgment and ordering the parties to file a stipulation as to the amount due pursuant to the Court's decision). The ministerial computation issue is therefore no obstacle to summary judgment.

*Defendant's position*: Although defendant agrees that formal fact discovery should not be necessary, defendant disagrees that the entire case can be resolved if the Court grants plaintiff's motion for summary judgment. Even if that were to occur, there would still be a dispute regarding whether plaintiff calculated the allegedly overpaid amount of interest correctly. In those circumstances, additional conferral between the parties on plaintiff's calculation will be necessary, plus submissions to the Court if the parties cannot reach agreement. By contrast, if the Court denied plaintiff's motion for summary judgment on the grounds that law does not support plaintiff's position, then the entire case would be resolved.

4

Date: May 22, 2026                                  Respectfully submitted,

/s/ Saul Mezei                                      BRETT A. SHUMATE
Saul Mezei                                          Assistant Attorney General
Jonathan C. Bond
John F. Craig, III                                  JOSHUA WU
GIBSON, DUNN & CRUTCHER LLP                          Deputy Assistant Attorney General, Tax
1700 M Street, N.W.                                 Litigation Branch
Washington, D.C. 20036
Telephone: 202.955.8500                             /s/ Christopher J. Williamson
Facsimile: 202.467.0539                             CHRISTOPHER J. WILLIAMSON
SMezei@gibsondunn.com                               Assistant Director
JBond@gibsondunn.com
JCraig@gibsondunn.com                               /s/ Alex Schulman
                                                    ALEX SCHULMAN
 *Attorneys for Plaintiff*                           Trial Attorney
                                                    Tax Litigation Branch
                                                    Civil Division, Department of Justice
                                                    Post Office Box 26
                                                    Ben Franklin Post Office
                                                    Washington, D.C. 20044
                                                    Telephone: (202) 514-0456
                                                    Alexander.Schulman@usdoj.gov

                                                     *Attorneys for Defendant*